

U.S. Department of Justice

United States Attorney
District of Maryland
Northern Division

| | | |
|---|---|---|
| Rod J. Rosenstein<br>United States Attorney<br><br>Kwame J. Manley<br>Assistant United States Attorney | 36 South Charles Street<br>Fourth Floor<br>Baltimore, Maryland 21201 | DIRECT: 410-209-4869<br>MAIN: 410-209-4800<br>FAX: 410-962-3124<br>TTY/TDD: 410-962-4462<br>Kwame.Manley@usdoj.gov |

December 20, 2010

Kenneth W. Ravenell, Esq.
One South Street, Suite 2300
Baltimore, Maryland 21202

Re:    United States v. Yooho Weon
       Criminal Case No. L-10-0780

Dear Mr. Ravenell:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by December 21, 2010, it will be deemed withdrawn. The Defendant acknowledges that the agreement is subject to approval by the Tax Division of the Department of Justice. The terms of the agreement are as follows:

## Offenses of Conviction

1.    The Defendant agrees to waive Indictment and to plead guilty to Counts One through Five of a Criminal Superseding Information charging a willful attempt to evade income taxes for the calendar years 2004, 2005, 2006, 2007, and 2008, in violation of 26 U.S.C. § 7201. The Defendant admits that he is, in fact, guilty of those offenses and will so advise the Court.

## Elements of the Offense

2.    The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

Revised 8/8/08



Counts 1 - 5 - Attempt to Evade Income Taxes

  (A) that the defendant had income tax due and owing to the Internal Revenue Service (IRS) for the tax years in question;

  (B) that he willfully did not pay that tax; and

  (C) that he took some affirmative action with an intent to evade that tax.

## Penalties

  3. The maximum sentence provided by statute for the offenses to which the Defendant is pleading guilty is as follows: Attempt to Evade Income Taxes - 5 years imprisonment, $100,000 fine, and 3 years supervised release. In addition, the Defendant must pay $500 ($100 per count) as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

  4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

        c.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

        d.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

        e.      If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

        f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

        g.      If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

        h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

<u>Advisory Sentencing Guidelines Apply</u>

        5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

Factual and Advisory Guidelines Stipulation

6.     This Office and the Defendant understand, agree and stipulate to the following Statement of Facts which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

## STATEMENT OF FACTS

If this matter had proceeded to trial, the government would have proven the following facts beyond a reasonable doubt. The parties agree that the following facts do not encompass all of the fact that would have been proven had this matter proceeded to trial.

In 2009, the Internal Revenue Service Criminal Investigation (IRS-CI) received information alleging that Defendant Yooho Weon, also known as "Peter," was the owner of Parkway Pawn Shop, Inc. and Earth 1 Computer, Inc. DBA Bargains 101 / Parkway Pawn Shop and that Weon was failing to report income to the Internal Revenue Service (IRS). On April 5, 2004, Parkway Pawn Shop, Inc., located at 5664 Annapolis Road, Bladensburg, Maryland was incorporated with the Maryland Department of Assessment and Taxation by Yooho Weon. Based on the articles of incorporation for Parkway Pawn Shop, "the purpose for which the corporation is formed are to operate a retail pawnshop and to engage in any lawful activities within and without the State of Maryland." On August 5, 2002, Earth 1 Computer, Inc. was incorporated in the Commonwealth of Virginia by Yung Hae Kang, Yooho Weon's spouse. Earth 1 Computer, Inc. was also known online as Bargains 101 or website www.bargains101.com and had the address 5664 Annapolis Road Bladensburg, Maryland, the same location as Parkway Pawn Shop, Inc. Defendant Yooho Weon was the owner of Earth 1 Computer, Inc DBA Bargains 101 / Parkway Pawn Shop. Weon operated the businesses as one business and maintained the books and records as one entity.

IRS records show that Defendant Weon has not filed any U.S. Corporate Income Tax Returns for 2003, 2004, 2005, 2006, 2007, and 2008. Weon knowingly and willfully failed to file U.S. Corporate Income Tax Returns where the gross receipts of sales were required to be declared to the IRS. As part of his business, Weon purchased items in his pawnshop and generated gross income from online sales through his website, eBay, flea markets, cash sales from his store and credit card sales. eBay / PayPal records revealed that Weon and his business, Earth 1 Computer, Inc DBA Bargains 101 / Parkway Pawn Shop, have been selling merchandise online and received approximately $6,531,334.47 through PayPal account 1978890946260492680 between May 31, 2000 and August 27, 2009. This money was wired into Defendant Weon's bank accounts. Other bank records from Weon's companies, Earth 1 Computer, Inc DBA Bargains 101 / Parkway Pawn Shop, show total gross sales from the businesses of $18,418,796.84 from 2004-2008. None of this income was reported to the IRS. **The total tax loss owed to the IRS is approximately $2,400,000.**

During the dates alleged in the Information, Weon willfully failed to file income tax returns and sought to evade and conceal his income from the IRS. Weon also had nominee names for his businesses. The Government would prove that Weon willfully failed to declare income and pay IRS

taxes as follows:

| Count | Tax Year | Unfiled Return | Tax Due and Owing |
|---|---|---|---|
| 1 | 2004 | U.S. Corporate Income Tax Return | $750,618.17 |
| 2 | 2005 | U.S. Corporate Income Tax Return | $685,313.36 |
| 3 | 2006 | U.S. Corporate Income Tax Return | $474,882.11 |
| 4 | 2007 | U.S. Corporate Income Tax Return | $286,862.48 |
| 5 | 2008 | U.S. Corporate Income Tax Return | $355,825.82 |

**After taking into account additional expenses in 2007 and 2008, and for purposes of this plea agreement and sentencing, the total tax loss is approximately $2,400,000.**

## ADVISORY GUIDELINE FACTORS

The parties agree that according to U.S.S.G. §2T1.1 the base offense level for the tax evasion charges is based on the tax loss. Because the tax loss is approximately $2,400,000, the parties stipulate and agree that the offense level for the tax counts is twenty-two (22) pursuant to §2T4.1(J).

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

With the three-level reduction for acceptance of responsibility, the offense level is 19.

7.      The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8.      This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute. The Defendant agrees to provide this Office with ten days notice of any intention to seek a reduction under any Section 3553(a) factor.

Obligations of the United States Attorney's Office

9.      At the time of sentencing, this Office will make a sentencing recommendation at the high-end of the advisory guideline range.

10.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

Waiver of Appeal

11.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a)      The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b)      The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal from any sentence above the advisory guidelines range resulting from an adjusted base offense level of 19; (ii) and this Office reserves the right to appeal from any sentence below the advisory guidelines range resulting from an adjusted base offense level of 19.

c)      Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d)      The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

12.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

13.     The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Tax Liability

14.     The Defendant understands that this agreement does not resolve any civil tax liability that he may have, and that this agreement is with the United States Attorney's Office, not with the Internal Revenue Service. The Internal Revenue Service is not a party to this agreement and

remains free to pursue any and all lawful civil remedies it may have. The Defendant agrees, however, as a special condition of supervised release (a) to execute a final and conclusive "Closing Agreement" with the Internal Revenue Service, pursuant to section 7121 of the Internal Revenue Code, in order to resolve his tax liabilities for the years 2004-2008; (b) to provide a complete and accurate financial statement, under penalty of perjury, to the United States which shall identify all assets valued at $1000 or more owned or held directly or indirectly by him, as well as all such assets transferred by him to any third parties since the date of his Information in this case, including the location of said assets and identities of the third parties; and (c) to pay to the Internal Revenue Service all additional taxes, interest and penalties which the Internal Revenue Service may determine that he owes pursuant to the aforesaid Closing Agreement. The Defendant understands that a failure to comply with any of the conditions of his supervised release may result in revocation of his release conditions, resulting in his re-incarceration for all or part of the term of supervised release. This Office will recommend that the Court order restitution in the amount of tax owing for the counts to which he is pleading guilty, and will recommend that the restitution be applied against the gross amount determined in the Closing Agreement, all of which is to be paid as a condition of supervised release.

## Entire Agreement

15.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____

Kwame J. Manley
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.  Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it.  I am completely satisfied with the representation of my attorney.

_____12/21/10_____                              _____
Date                                                             Yooho Weon


I am Yooho Weon's attorney.  I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him.  He advises me that he understands and accepts its terms.  To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_____12/21/10_____                              _____
Date                                                             Kenneth W. Ravenell, Esquire